# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN THE MATTER OF REEF
INNOVATIONS, INC. and LARRY BEGGS,
as owners of that certain 1986 34' Luhrs
340/342 Tournament, with HIN#
LHR34164A686 at the time of the alleged
incident, praying for exoneration from or
limitation of liability,

       Petitioners.

            Case No. 6:11-cv-1703-Orl-31GJK

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 41)** |
| **FILED:** | December 21, 2011 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** |

Petitioners, Reef Innovations, Inc., and Larry Beggs, are owners of a 1986 34' Luhrs 340/342 Tournament, with Hull ID No. LHR34164A686 (hereafter "Vessel"). Doc. No. 1 at 2. A fire started on the Vessel while it was docked at Port Canaveral Yacht Club. Doc. No. 1 at 2. No one was aboard, but the fire rendered the Vessel a "total loss." Doc. No. 1 at 2.

Subsequently, Harvey Triplett filed suit against Petitioners, alleging they were liable for damage caused to the "S/V SOVEREIGN SWAN." Doc. No. 1-2.

On October 21, 2011, pursuant to 46 U.S.C. § 30505, Petitioners filed a Complaint for Exoneration From or Limitation of Liability (hereafter "Complaint"). Doc. No. 1. In their Complaint, Petitioners alleged Mr. Triplett filed a lawsuit against them as a result of the Vessel catching fire. Doc. No. 1 at 3, ¶ 15. Petitioners identified eight additional parties who might assert claims against them as a result of the Vessel fire: Mainstream Engineering Corporation (hereafter "Mainstream"), Ken Bowles (hereafter "Bowles"), Carl Casdia (hereafter "Casdia"), Donald Barton (hereafter "Barton"), David Megregian (hereafter "Megregian"), George Groetzner (hereafter "Groetzner"), Ocean Club Marina (hereafter "Ocean Club") and Port Canaveral Yacht Club (hereafter "Yacht Club"). Doc. No. 1 at 4-5.

On October 27, 2011, Petitioners filed an Affidavit of Value, averring that the estimated "value of the Vessel, including its tackle, apparel, appurtenances, etc., at the close of the voyage did not exceed the sum of One Thousand and No/100 Dollars ($1,000.00)." Doc. No. 3-1. On the same date, Petitioners and Progressive American Insurance Company (hereafter "Surety"), filed an Ad Interim Stipulation for Value in the sum of $1,000 to serve as security for the value of their interest in the Vessel plus six percent interest, as required by Supplemental Rule F(1), Federal Rules of Civil Procedure. Doc. No. 2-2. Petitioners and Surety also filed a Stipulation for Costs in the sum of $250 as required by Supplemental Rule F(1). Doc. No. 2-1.

On November 7, 2011, the Court granted Petitioners' motion for an order approving their security, directing issuance of notice, and restraining prosecution of claims, pursuant to Supplemental Rules F(3) and (4). Doc. No. 16. On November 4, 2011, the Clerk issued a

"Notice to Claimants of Complaint for Exoneration From or Limitation of Liability" (hereafter "Notice"), directing all persons that have a claim against Petitioners arising out of the fire to file their claims on or before December 7, 2011. Doc. No. 14. On November 15, 2011, Petitioners filed a notice of compliance, indicating Petitioners mailed their Complaint, by certified mail, return receipt requested, to Harvey Triplett, Mainstream, Bowles, Casdia, Barton, Megregian, Groetzner, Ocean Club and Yacht Club. Doc. No. 18. On November 23, 2011, Harvey Triplett filed his claim as required by Supplemental Rule F(5) and his answer and affirmative defenses. Doc. Nos. 19-20. On December 9, 2011, Petitioners filed an affidavit from Kathy Cicala as proof that they published the Notice once a day for four weeks as required by this Court's November 7, 2011, order. Doc. No. 24.

On December 13, 2011, Petitioners moved for a clerk's default "against any and all claimants who have failed to plead or otherwise defend . . . in that any and all claimants were required to plead or otherwise defend on or before December 12, 2011, and have failed to do so." Doc. No. 26 at 1. On December 19, 2011, the Clerk entered a default against Mainstream, Bowles, Casdia, Barton, Megregian, Groetzner, Ocean Club and Yacht Club. Doc. Nos. 30-37. On December 20, 2011, the Clerk entered a default against "any and all claimants who have failed to plead or otherwise defend." Doc. No. 39. On December 21, 2011, Petitioners moved for a final default judgment (hereafter "Motion") against Mainstream, Bowles, Casdia, Barton, Megregian, Groetzner, Ocean Club, Yacht Club and "all claimants who have failed to plead or otherwise defend." Doc. No. 41. Petitioners request the Court enter "judgment declaring that the defaulted claimants shall take nothing and their claims be dismissed . . . ." Doc. No. 41 at 2.

When a vessel owner files a complaint for limitation of liability, pursuant to

Supplemental Rule F, the vessel owner is required to:

> issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supplemental Rule F(4).

Potential claimants are required to file and serve their claims on or before the date set forth in the aforementioned notice. When filing a claim, a claimant must:

> specify the facts upon which the claimant relied in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Supplemental Rule F(5). The Federal Rules of Civil Procedure apply to the extent they are not inconsistent with the supplemental rules. Supplemental Rule A(2).

Petitioners published the Notice and served their Complaint as required by Supplemental Rule F and this Court's November 7, 2011, order. Harvey Triplett is the only person to file a claim or an answer and affirmative defenses. Doc. Nos. 19-20. Clerk's default have been entered against Mainstream, Bowles, Casdia, Barton, Megregian, Groetzner, Ocean Club, Yacht

4

Club and "all claimants who have failed to plead or otherwise defend." Doc. Nos, 30-37, 39. Once a Clerk's default has been entered, a party may move for a default judgment pursuant to Rule 55(b)(2). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987).

Petitioners have demonstrated that they published the Notice and served the Complaint on those persons known to have made a claim. The only person to file a claim within the time set forth in the Notice is Harvey Triplett. Because Mainstream, Bowles, Casdia, Barton, Megregian, Groetzner, Ocean Club, Yacht Club and all other claimants have failed to plead or otherwise defend, it is **RECOMMENDED** that the Motion be **GRANTED** and default judgment be entered against these parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Chambers, Orlando, Florida on January 6, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
Unrepresented Party

5